[Crim. No. 3938. Second Dist., Div. Two. Dec. 19, 1945.]

THE PEOPLE, Respondent, v. BERNARD L. HERMAN, Appellant.

A. J. O'Connor and George J. Hider for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was charged with violation of section 503 of the Vehicle Code, taking an automobile without the owner's consent, upon which he was found guilty by the jury. His motion for a new trial was denied, and he appealed from the judgment of conviction and from the order denying said motion.

1. *Sufficiency of the evidence to sustain judgment of conviction.* ▇ Viewing the evidence most favorable to the judgment, the material facts shown thereby are as follows: Appellant purchased a Cadillac automobile from one Brightman, at which time the car bore a Hawaiian ownership or registration certificate and Hawaiian license plates. Brightman signed the registration certificate as registered owner and as legal owner and delivered the same to appellant. Appellant paid part of the purchase price in cash and he and Brightman went to a bank where he obtained a loan in an amount sufficient to pay the full sum. Appellant gave the bank his personal note and a chattel mortgage on the car to secure the loan, delivering to the bank the registration certificate with Brightman's signatures thereon.

Appellant advertised the automobile for sale and in response to the advertisement Wade E. Miller called at appellant's place of business. Miller purchased the car, giving two personal checks amounting to $4,000, and the car was delivered to him. Two days later Miller and appellant went to the bank which held the chattel mortgage, where Miller handed appellant two cashier's checks in exchange for his personal checks previously given. Appellant paid his indebtedness to the bank and received his chattel mortgage and the Hawaiian registration certificate. Miller requested appellant to sign a bill of sale but he refused to do so. He did trace Brightman's signature on a bill of sale and handed it to

Miller with the Hawaiian registration certificate which Brightman had endorsed. Miller took the certificate to the Motor Vehicle Department and had a California registration certificate issued in his own name and received California license plates for the car. Appellant did not sign the certificate as first buyer in the blank provided for such signature. However, the signatures of Brightman as both legal and registered owner and possession of the certificate by Miller indicated the latter to be the first buyer.

There is a conflict as to the price which appellant was to receive for the automobile. Miller claims that the sum of $4,000 paid by him was in full payment, and appellant asserts that the price was $5,200 and that Miller owed him $1,200. In finding appellant guilty of taking Miller's car as charged the jury resolved the conflict against appellant.

Appellant made several unsuccessful attempts to see Miller in his effort to collect the balance which he claimed to be unpaid. Appellant testified that he finally told one Craig, an associate of Miller, that if Miller did not pay the alleged balance he, appellant, would return the $4,000 and cancel the deal, to which Craig, according to appellant, agreed. Craig's authority to bind Miller is not shown. Appellant made threats to Miller's secretary that he would take the car if the additional sum was not paid, to which she replied that he would be stealing the car if he took it without Miller's consent. Miller's attorney warned appellant to use legal means to recover the car. Appellant, as his counsel state in their brief, "decided to take the law into his own hands." He gave the Los Angeles Cadillac agency the motor number of the car and obtained a duplicate set of keys. He then went to Miller's place of business, took the car and drove it to a ranch several miles distant, where it remained for about two weeks. He removed the license plates which Miller had obtained and installed old Ford plates on the car.

While driving the automobile he was arrested for violating the speed law. It required a shot from the officer's revolver to bring appellant to a halt after a chase of two and a half miles, during which a speed of 90 miles per hour had been reached. It was then discovered that the automobile was the one which Miller had reported to have been stolen. Alighting from the car, appellant approached the officer with a bottle in his upraised hand, the officer drew his gun, and appellant lowered his arm, after which he was placed under arrest and taken to the police station.

The automobile having been delivered to Miller by appellant, together with the Hawaiian registration certificate endorsed by Brightman as both registered and legal owner, Miller then had actual possession and legal title and was entitled to have the car registered in his own name. If appellant had not received the amount which he claimed to have been due him, remedies were available to him in the civil courts. Appellant's deliberate intent to deprive Miller of the automobile in violation of section 503 of the Vehicle Code is shown by his having procured keys for the car, his taking it from private property in the absence and without the consent of Miller, his concealing it for two weeks at a distant point, his changing the license plates, and his effort to avoid arrest. It devolved upon the jury to decide the question of intent and to determine any conflicts in the evidence. The verdict speaks for itself.

2. *Alleged errors in the instructions to the jury.* ■ While the jury were deliberating they came into court for further instructions. In response to an inquiry by a juror why some portions of the instructions had been stricken out, the court replied that they should not concern themselves with any deleted matter and that such matter was argumentative and was not an instruction as to the law. There was no error in such statement.

■ Appellant asserts error in the giving of an instruction reading: "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law or to injure another, or to acquire any advantage." In *People* v. *Gibson,* 107 Cal.App. 76, 82 [289 P. 937], the court said that standing alone the instruction as to the meaning of "willfully" was proper (citing Pen. Code, § 7, subd. 1) but that when giving this instruction the court should make certain that the jury understood that the definition of "willfully" applied only to the "general intent" and not to "specific intent." In the instant case the court instructed the jurors in the language of section 503 of the Vehicle Code, instructed them as to the burden of proof and reasonable doubt, in the language of the statute, and informed them that they were to be governed solely by the evidence. We fail to see how the jury could have been confused or misled by the instruction,

especially in view of the fact that appellant's intent in taking the automobile was so clearly revealed by the evidence.

Complaint is made that the court erred in refusing to instruct the jury on the theory of cancellation and rescission as requested by appellant. The evidence did not warrant the giving of such instructions. Appellant talked about cancelling the transaction but he never did so. He did not rescind or offer to rescind the sale, and did not tender to Miller the consideration which appellant had received. He testified that he told Miller's secretary that "he was ready to cancel the deal and return the money" and that later he returned to Miller's place of business with $4,000, at which time Miller's secretary said he was absent. Thereafter appellant took the car into his possession in the manner heretofore related. A defendant in a criminal case is entitled to instructions fairly covering his theory of the action, but in order to have a theory there must be evidence upon which it may be based. The instructions on cancellation and rescission were not warranted by the evidence.

3. *Alleged errors in the exclusion of evidence.* After the automobile had been reported as stolen a police officer called at appellant's place of business and had a conversation with appellant's wife and son, the substance of which appellant attempted to prove. The objection to the offer of proof was properly sustained. The officer adopted the device of representing himself as an attorney and apparently was making an investigation of the alleged theft of the car in his official capacity. Since there was no evidence that he was representing or was authorized to represent Miller the latter would not have been bound by any statements made by the officer. The objections were properly sustained.

4. *Alleged misconduct of district attorney.* It is contended that the district attorney stated to the jury that appellant had defrauded the State of California out of the fee for transferring into his own name the Hawaiian certificate that he had received from Brightman, and attempted to defraud Brightman by forging the latter's name on the registration slip. The record does not contain any objection or exception to these remarks and error cannot be predicated thereon.

Questions relating to the tire rationing were not prejudicial. They referred to the rationing certificates and prices of the new tires placed on the car before the sale to

Miller. They appear to have been proper subjects of inquiry, and even if not, they were not prejudicial.

5. *The alleged coercion of the jury.* ▮ The charge that the trial judge coerced the jury or in any manner influenced them to return a verdict has no foundation in the record. During the colloquy between the jurors and the court to which we referred, when they asked for further instructions, the court reread the general instructions as to the duties of the jurors. There was not a word of coercion or even a suggestion or intimation that it was their duty to agree upon a verdict.

The judgment and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.